UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN RICHARDS, ) | |
| ) | Civil Action No. 3:22-cv-758 |
| Petitioner, ) | |
| v. ) | |
| INTERNATIONAL BUSINESS ) | |
| MACHINES CORP., ) | |
| Respondent. ) | |

## PETITION TO VACATE ARBITRATION AWARD

1. Petitioner John Richards worked for Respondent International Business Machines Corporation (hereinafter "IBM"). He has attempted to bring a claim against IBM in arbitration for discrimination under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, in connection with the termination of his employment.

2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, Petitioner hereby moves to vacate the arbitration award dismissing his claim.

1

3. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

4. Petitioner thus seeks vacatur of the arbitrator's award ████

████████████████████████████████████████

████ This action is brought pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## PARTIES

5. Petitioner John Richards is a resident and domiciliary of Argyle, Texas. Between April 2011 until his termination, he was an employee of Defendant. His last day of work was on July 18, 2018.

6. Respondent International Business Machines Corporation ("IBM") is incorporated and maintains its principal place of business in New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as the underlying claim sounds in federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

8. This Court also has jurisdiction over these proceedings pursuant to 29 U.S.C. §1331 as this action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*. The FAA provides that petitions to vacate arbitration awards shall be made in the judicial district in which the award was made. See 9 U.S.C. § 10.

9. Venue is proper in this District pursuant to 9 U.S.C. § 10 and 28 U.S.C. § 1391 as the arbitration award was made in this judicial district, in Dallas, Texas.

## BRIEF SUMMARY OF FACTS AND PROCEEDINGS

10. █████████████████████████████

11. █████████████████████████████
█████████████████████████████
█████████████████████████████
████████████████

12. This discriminatory scheme is detailed in the Second Amended Complaint in the matter of <u>Rusis et al. v. International Business Machines Corp.</u>,

C.A. No. 18-cv-08434 (S.D.N.Y.) (Dkt. 179), a class and collective action pending in the Southern District of New York, brought under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. Briefly stated, in Rusis, the plaintiffs allege that IBM has pushed out thousands of older workers over a several year period, while hiring younger workers (which the company often refers to as "Early Professional Hires" or "New Collar" workers), in order to better compete with newer technology companies, such as Google, Facebook, Amazon, and others.

13. Indeed, IBM has been investigated for age discrimination by the Equal Employment Opportunity Commission ("EEOC"). Following a multi-year investigation, on August 31, 2020, the EEOC issued a classwide determination in which it found reasonable cause to believe that IBM discriminated against older employees during the period 2013 to 2018. The EEOC stated in its determination letter that its conclusion was supported by dozens of interviews it had conducted across the company, as well as analysis of data, and it rejected IBM's attempt to justify and defend the layoffs of the 58 charging parties, whose claims had been consolidated for investigation, through individualized explanations.

14. When it laid off employees, including Petitioner, IBM avoided providing disclosures of the ages of employees who had been laid off and those not laid off (and other related information), as required by the Older Workers' Benefits

Protections Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H), by not including a waiver of ADEA claims in the release that it asked the employees to sign. Instead, it offered the employees subject to being laid off a very modest severance payment in exchange for a waiver of almost all legal claims, other than a claim under the ADEA. The agreement provided, however, that if the employee chose to pursue a claim under the ADEA, it would need to be in individual arbitration.

15. 

16. 

17. 

18. 

19. 

20.

███████████████████████████████████████████████████████████

██

    21.    ███████████████████████████████████████████

    22.    ███████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

    23.    █████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

    24.    █████████████████████████████████████████

████████████████████████████████████

    25.    ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████

26.   ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

27.   ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

WHEREFORE, Petitioner requests that this Court enter the following relief:

a) Vacate the arbitrator's award ████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████

b) Find and declare that IBM's arbitration agreement permits arbitrators to review and consider motions under Fed. R. Civ. P. 60.

c) Any other relief to which Petitioner may be entitled.

Dated: April 4, 2022                    Respectfully submitted,

                                        JOHN RICHARDS,

                                        By his attorneys,

                                        /s/ Drew Herrmann
                                        Drew N. Herrmann
                                        Texas Bar No. 24086523
                                        Pamela G. Herrmann
                                        Texas Bar No. 24104030

HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229
drew@herrmannlaw.com

Shannon Liss-Riordan
(*pro hac vice anticipated*)
Thomas Fowler
(*pro hac vice anticipated*)
Matthew Patton
(*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
tfowler@llrlaw.com
mpatton@llrlaw.com

*Counsel for Petitioner*