IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-758-N |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff John Richards' motion to vacate the arbitration award [2]. Because Richards did not serve Defendant International Business Machine Corporation ("IBM") within the statutory period to challenge the award, the Court denies the motion.

### I. RICHARDS' TERMINATION, HIS CLAIMS AGAINST IBM, AND THE PARTIES' ARBITRATION

IBM employed Richards from 2014 to 2018. Pl.'s Pet. To Vacate ¶ 10 [1]. Richards alleges that as part of a discriminatory scheme to build a younger workforce, IBM terminated older employees through a series of layoffs. *Id*. ¶¶ 11, 12, 14. Richards was 50 years old when IBM terminated him as part of a reduction-in-force in July 2018. *Id*. ¶¶ 15–17. Richards received a modest severance payment in exchange for his waiver of almost all legal claims other than those under the Age Discrimination in Employment Act

("ADEA")[1]. *Id.* ¶ 14. The agreement provided that claims under the ADEA must be pursued in individual arbitration. *Id.*

Richards filed his demand initiating the underlying arbitration in January 2019. *Id.* ¶ 21. The Arbitrator issued a final award granting summary judgment to IBM on the ADEA claim in January 2021. *Id.* ¶ 22. In November 2021, Richards filed a motion pursuant to Federal Rule of Civil Procedure 60 and Rule 29 of the JAMS Employment Arbitration Rules and Procedures requesting that the Arbitrator reopen the arbitration. *Id.* ¶ 23. Richards sought to present new evidence that IBM engaged in a companywide plan to reduce the number of older workers. *Id.* The Arbitrator denied the motion in December 2021, ruling that he had no further jurisdiction to consider Richards' motion. *Id.* ¶ 24. Richards now moves to vacate the arbitration award, arguing that the Arbitrator exceeded his authority as set forth in the parties' arbitration agreement by refusing to consider the motion for relief from judgment.

## II. LEGAL STANDARD FOR VACATUR UNDER THE FEDERAL ARBITRATION ACT

The Court considers Richards' motion under a highly deferential standard of review. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004). The Federal Arbitration Act ("FAA") permits a district court to vacate an arbitration award, but only in limited circumstances. *See* 9 U.S.C. § 10(a). Though several circuits previously held that a court may properly vacate an arbitration award based on limited nonstatutory grounds, the Supreme Court clarified that the FAA provides the exclusive bases for vacatur. *Hall*

---

[1] Codified at 29 U.S.C. § 621, *et seq*.

*St. Assocs., L.L.C. v. Mattel, Inc.*, 532 U.S. 576, 584 (2008).  Importantly, a court may not review the merits of the underlying proceeding to correct mere errors of law.  *Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009) (unpub.); *see also Kergosien*, 390 F.3d at 354 (noting that, even prior to *Hall Street Associates*, the Fifth Circuit did not recognize vacatur predicated on the arbitrator's failure to "follow the law").  Absent a statutory basis to vacate the arbitral award, the FAA stipulates that the district court must confirm the award.  9 U.S.C. § 9.

In this case, Richards asserts only that the Arbitrator exceeded his contractual authority, *see* Pl.'s Mot. to Vacate 20 [2], which provides a basis for vacatur under 9 U.S.C. § 10(a)(4).[2]  *See Kemper Corp. Servs., Inc. v. Comput. Sci. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)) (explaining that section 10(a)(4) has been interpreted narrowly).  Hence, the agreement conferring the power to the arbitrator to bind the parties serves as the lodestar for the court's analysis, and the party seeking vacatur "bears a heavy burden" to establish its entitlement to that remedy.  *Oxford*, 569 U.S. at 569.

---

[2] Although Richards lays out facts related to IBM's alleged misrepresentations and withholding of crucial evidence, his petition and motion advance only the Arbitrator's refusal to consider the motion for relief from judgment as a basis for vacatur.  *Compare* Pl.'s Mot. to Vacate 9–18 *with id.* at 20.

ORDER – PAGE 3

Furthermore, the FAA provides strict procedural requirements for pursuing vacatur in a federal district court. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Parties who fail to comply with the notice provision forfeit their right to seek judicial review of the arbitration award. *Haljohn-San Antonio, Inc. v. Ramos*, 2020 WL 7495098, at *3 (N.D. Tex. 2020) (citing *Moore v. Valero Ardmore Refinery*, 2015 WL 129985, at *1 (N.D. Tex. 2015)).

### III. THE COURT DECLINES TO VACATE THE AWARD

Richards argues that the Arbitrator's failure to consider the motion for relief from judgment constitutes grounds for vacating the arbitration award. Pl.'s Pet. To Vacate ¶ 27. He notes that the parties' arbitration agreement requires the Arbitrator to hear and decide motions permitted by the Federal Rules of Civil Procedure at any point in the proceeding. Pl.'s Mot. to Vacate 21. Richards argues that by refusing to consider the motion, the Arbitrator exceeded his authority under the arbitration agreement. *Id*. Richards asks the Court to vacate the award and declare that the arbitration agreement requires arbitrators to consider motions under Federal Rule of Civil Procedure 60.

#### A. Richards Did Not Serve Notice of the Motion Within the Statutory Period

The parties do not dispute the following dates. The Arbitrator issued a final award granting summary judgment on January 19, 2021. The Arbitrator denied Richards' motion for reconsideration on March 4, 2021. Richards filed the motion for relief from judgment on November 5, 2021, and the Arbitrator denied the motion on December 15, 2021. Richards filed this lawsuit on April 4, 2022.

ORDER – PAGE 4

Richards did not provide notice to IBM within the statutory period. The FAA requires notice of the motion to vacate within three months of the award. 9 U.S.C. § 12. IBM was served in April 2022, well over a year after the Arbitrator issued the award.[3] Richards' failure to serve IBM within the three-month period forfeited his right to seek judicial review of the award. *Haljohn-San Antonio*, 2020 WL 7495098, at *3. Therefore, the Court denies Richards' motion to vacate.

### B.  Declaratory Relief is Not a Viable Remedy

Richards has requested two separate forms of relief in his filings: vacatur and declaratory relief. Pl.'s Pet. To Vacate ¶ 27 (requesting that the Court "vacate the arbitrator's award" because the Arbitrator did not review or consider the motion for relief from judgment); Pl.'s Reply in Supp. of Pet. To Vacate 9 [29] (arguing that the FAA's vacatur limitation period is not operative because Richards has asked the Court only to declare that the agreement compels the Arbitrator to consider the Rule 60 motion). The Court cannot provide a remedy other than vacatur for three reasons.

First, granting Richards' motion would effectively vacate the arbitration award. At this point in the proceedings, the Arbitrator has issued a final award and relinquished jurisdiction. An order from this Court reinstating the Arbitrator's jurisdiction and ordering him to consider the motion would rescind the finality of the award, effectively resulting in vacatur. Furthermore, Richards' own filings repeatedly request vacatur as the remedy

---

[3] Even if the three-month period started on the day the Arbitrator denied the motion for relief from judgment, December 15, 2021, Richards did not serve IBM before March 15, 2022.

sought, demonstrating the fact that the Court cannot issue relief without setting aside the final award. Pl.'s Pet. To Vacate ¶ 27; Pl's Mot. to Vacate 23. Congress has set out a comprehensive scheme by which parties may challenge arbitration awards in federal court; this Court cannot vacate the award outside the limited scope of section 10 of the FAA.

Second, apart from the FAA's vacatur provisions, the Court lacks statutory authority to compel the Arbitrator to reconsider the motion. Richards' alternative remedy asks the Court to declare that the arbitration agreement permits arbitrators to consider motions under Federal Rule of Civil Procedure 60. But no statutory provision outside of the FAA allows the Court to vacate the award or enjoin certain procedures after the arbitration has concluded. *See Hall Street Associates*, 532 U.S. at 584. Therefore, the Court cannot take any further steps to compel the Arbitrator to consider the motion. To challenge the Arbitrator's decision successfully, Richards must use the FAA's vacatur provisions.

Lastly, declaring the Arbitrator's error without vacating the final judgment would not redress Richards' injury. As set out above, there is no statutory or nonstatutory means outside of FAA vacatur by which this Court could compel the Arbitrator to consider the motion. The only alternative for this Court to provide relief is to persuade the Arbitrator that he retains jurisdiction and may reconsider Richards' motion. But "[r]edressability requires that the court be able to afford relief *through the exercise of its power*, not through the persuasive or even awe-inspiring effect of the opinion *explaining* the exercise of its power." *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (Scalia, J., concurring in part and in the judgment) (emphasis in original). The Court cannot issue an advisory opinion explaining that the Arbitrator should, but does not have to, interpret the arbitration

agreement to allow Rule 60 motions. Accordingly, the Court denies the request for declaratory relief.

### CONCLUSION

For the foregoing reasons, the Court holds that Richards served notice of the motion to vacate after the expiration of the statutory period. Accordingly, the Court denies Richards' motion to vacate.

Signed December 12, 2022.

_____
David C. Godbey
Chief United States District Judge